1  **DAVIS WRIGHT TREMAINE LLP**
   865 S. FIGUEROA ST.
2  SUITE 2400
   LOS ANGELES, CALIFORNIA 90017-2566
3  TELEPHONE (213) 633-6800
   FAX (213) 633-6899

4  BRUCE ISAACS (State Bar No. 100926)
     bruceisaacs@dwt.com
5  NICOLAS A. JAMPOL (State Bar No. 244867)
     nicolasjampol@dwt.com
6

7  Attorneys for Defendant/Cross-Claimant
   CBS RADIO, INC.
8

9            **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12 L.A. GEM & JEWELRY DESIGN, INC.,   ) Case No. CV14-08486 R (JPRx)
   a California Corporation,          )
13                                    )
                  Plaintiff,          ) **CBS RADIO, INC.'S ANSWER,**
14                                    ) **AFFIRMATIVE DEFENSES, AND**
         vs.                          ) **CROSS-CLAIMS AGAINST**
15                                    ) **EVENING CRYSTALS, LLC;**
   EVENING CRYSTALS, LLC, a Texas     ) **DEMAND FOR JURY TRIAL**
16 limited liability company; GANNETT )
   SATELLITE INFORMATION             )
17 NETWORK, INC., a Delaware          )
   Corporation dba DEALCHICKEN;       )
18 PLUM DISTRICT, INC., a Delaware     )
   corporation; CBS RADIO, INC., a     )
19 Delaware Corporation; and DOES 1-10, )
                                      )
20                Defendants.         )
   _____ )
21 CBS RADIO, INC., a Delaware         )
   Corporation,                       )
22                                    )
                  Cross-Claimant,     )
23                                    )
         vs.                          )
24                                    )
   EVENING CRYSTALS, LLC, a Texas     )
25 limited liability company; ROES 1 – 10, )
                                      )
26                Cross-Defendants.   )
   _____ )
27

28

## ANSWER

Defendant CBS Radio, Inc. ("CBS Radio") responds to the complaint of L.A. Gem & Jewelry Design, Inc. ("Plaintiff") as follows:

## THE PARTIES

1.     CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis, denies them.

2.     CBS Radio admits that, on information and belief, defendant Evening Crystals ("Evening Crystals") is a limited liability company organized and existing under the laws of Texas, and does business in California and this judicial district. CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

3.     CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and on that basis, denies them.

4.     CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis, denies them.

5.     CBS Radio admits that it is a Delaware corporation and that it does business in New York and in California and this judicial district. CBS Radio denies the remaining allegations of paragraph 5.

6.     To the extent that the allegations in paragraph 6 are legal argument or allegations or conclusions of law, they require no answer. To the extent that an answer may be required, CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies them.

7.     To the extent that the allegations in paragraph 7 are legal argument or allegations or conclusions of law, they require no answer. To the extent that an answer may be required, CBS Radio is without knowledge or information sufficient

to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies them.

8.     To the extent that the allegations in paragraph 8 are legal argument or allegations or conclusions of law, they require no answer.  To the extent that an answer may be required, CBS Radio denies the allegations in this paragraph.

## JURISDICTION

9.     CBS Radio admits that this action purports to arise under the Copyright Act of 1976 and thus the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10.    CBS Radio does not admit that venue is proper in this judicial district, but CBS Radio is not contesting venue and, in fact, asserts that its cross-claims likewise arise in this judicial district as set forth below.  CBS Radio admits that its website is accessible by users in this judicial district and that it conducts business in this judicial district.  CBS denies the remaining allegations that relate to CBS Radio. Except as otherwise admitted or denied, CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies them.

## FACTS COMMON TO ALL COUNTS

11.    CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis, denies them.

12.    CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis, denies them.

13.     CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis, denies them.

14.     CBS Radio admits that Plaintiff has attached what purports to be a Certificate of Registration from the Register of Copyrights as Exhibit A to the complaint. CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis, denies them.

15.     CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis, denies them.

16.     CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis, denies them.

## DEFENDANTS' MISCONDUCT[1]

17.     CBS Radio admits that, on information and belief, Evening Crystals sells jewelry that is available for purchase in this judicial district. CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and on that basis, denies them.

18.     CBS Radio admits that it offers deals on goods and services that are available for purchase, including in this judicial district. CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph relating to the other defendants, and on that basis, denies them. CBS Radio denies the remaining allegations in this paragraph.

---

[1] The section headings are included only for purposes of clarity and organization, and CBS Radio does not admit, but rather specifically denies, any factual or legal allegations used in the headings.

19.    CBS Radio is without knowledge or information to form a belief as to the truth of the allegation that Plaintiff has not authorized one or more of the Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute any jewelry products.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

20.    CBS Radio denies the allegations in paragraph 20 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

21.    CBS Radio denies the allegations in paragraph 21 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

## First Cause of Action

22.    CBS Radio incorporates and realleges its responses set forth in paragraphs 1 through 21 as if fully set forth here.

23.    CBS Radio denies the allegations in paragraph 23 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

24.    CBS Radio denies the allegations in paragraph 24 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a

4

belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

25.     CBS Radio denies the allegations in paragraph 25 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

26.     CBS Radio denies the allegations in paragraph 26 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

27.     CBS Radio denies the allegations in paragraph 27 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

## **Second Cause of Action**

28.     CBS Radio incorporates and realleges its responses set forth in paragraphs 1 through 27 as if fully set forth here.

29.     CBS Radio denies the allegations in paragraph 29 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

30.     CBS Radio denies the allegations in paragraph 30 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to

5

consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

31.    CBS Radio denies the allegations in paragraph 31 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

32.    CBS Radio denies the allegations in paragraph 32 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

33.    CBS Radio denies the allegations in paragraph 33 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

34.    CBS Radio denies the allegations in paragraph 34 to the extent that they relate to CBS Radio or to parties who provided alleged infringing product to consumers.  CBS Radio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

## **AFFIRMATIVE DEFENSES**

CBS Radio asserts the following affirmative defenses in response to the allegations of the complaint.  CBS Radio reserves the right to amend this answer with additional affirmative defenses as further information is obtained.  By alleging these

affirmative defenses, CBS Radio is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the complaint fails to set forth sufficient facts in order to state a claim against CBS Radio or parties who provided alleged infringing product to consumers.

## SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the complaint is barred by virtue of the fact that the jewelry design at issue consists of commonly known ideas or scenes a faire.

## THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the complaint is barred by virtue of the fact that the jewelry design at issue is not sufficiently original to warrant copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the complaint is barred by virtue of the fact that the jewelry design at issue does not consist of sufficient protectable expression to warrant copyright protection.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the complaint is barred by virtue of the fact that Plaintiff did

not actually create or "author" the jewelry design at issue to warrant copyright protection.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the complaint is barred by virtue of the doctrine of independent creation.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the complaint is barred by virtue of the fact that the jewelry design at issue is based upon prior art.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that jewelry design at issue is in the public domain.

## NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the Plaintiff's jewelry design and the alleged infringing jewelry design derive from a prior common source.

## TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the complaint is barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that Plaintiff's claims are barred by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that Plaintiff's claims are barred by virtue of the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that to grant relief to Plaintiff as it requests would unjustly enrich Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges the Plaintiff 's claims are barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges the Plaintiff's claims are barred by virtue of the Plaintiff 's own improper or inequitable conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that Plaintiff 's claims are barred by virtue of Plaintiff's unclean hands.

CBS RADIO, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS
DWT 25624300v1 0050033-000157

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, CBS Radio alleges that the purported property rights in and to the jewelry design at issue, are owned, controlled or created by parties other than Plaintiff and, as such, Plaintiff has no standing to sue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the second claim for relief, CBS Radio alleges that it did not have the requisite knowledge of any purported infringement and therefore it cannot be liable for contributory infringement.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the second claim for relief, CBS Radio alleges that it did not materially contribute to any purported infringement and therefore it cannot be liable for contributory infringement.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the second claim for relief, CBS Radio alleges that it did not induce any purported infringement and therefore it cannot be liable for contributory infringement.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the second claim for relief, CBS Radio alleges that Plaintiff's contributory infringement claim is barred by virtue of the fact that there was no direct copyright infringement by any party.

CBS RADIO, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS
DWT 25624300v1 0050033-000157

## PRAYER FOR RELIEF

WHEREFORE, CBS Radio prays for relief as follows:

1.  that Plaintiff take nothing by virtue of its complaint;

2.  for attorney's fees pursuant to Section 505 of the Copyright Act;

3.  for costs of suit incurred herein;

4.  for such other and further relief as this Court deems just and proper; and

5.  to the extent necessary, the relief prayed for in CBS Radio's Cross Claim submitted herewith.


DATED: January 2, 2015                 DAVIS WRIGHT TREMAINE LLP
                                       BRUCE ISAACS
                                       NICOLAS A. JAMPOL


                                       By:/s/Bruce Isaacs
                                          Bruce Isaacs, Attorneys for
                                          Defendant/Cross-ClaimantCBS RADIO,
                                          INC.


## CROSS-CLAIMS AGAINST EVENING CRYSTALS, LLC

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Cross-Claimant CBS Radio, Inc. ("CBS Radio") asserts cross-claims against Cross-Defendant Evening Crystals, LLC ("Evening Crystals") as follows.


## NATURE OF THE ACTION

1.  By these cross-claims, CBS Radio seeks to establish that Evening Crystals has an obligation to defend, hold harmless and indemnify CBS Radio with respect to the complaint for infringement pursuant to an agreement between CBS

Radio and Evening Crystals and seeks to establish Evening Crystal's breach of that agreement.

## PARTIES

2.      CBS Radio is a corporation organized and existing under the laws of the state of Delaware, with a physical headquarters at 1271 Avenue of the Americas, 44th Floor, New York, NY 10020.  CBS Local Digital Media is a division of CBS Radio.

3.      Upon information and belief, Evening Crystals is a limited liability company organized and existing under the laws of the state of Texas, with a physical headquarters at 9301 Spectrum Dr., Austin, TX 78717.

4.      The true names and capacities of Cross-Defendants sued herein as Roes 1 through 10, inclusive, are unknown to CBS Radio at this time, who therefore sues these Roe-Cross-Defendants by such fictitious names.  CBS Radio will seek leave to amend this Cross-Complaint to show the true names and capacities of such Roe Cross-Defendants when they have been ascertained.  CBS Radio is informed and believes, and based upon such information and belief alleges, that each of the Roe Cross-Defendants is in some manner responsible or liable for the acts and damages alleged in this Cross-Complaint.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a) because these cross-claims form part of the same case or controversy as the copyright infringement claims alleged in the complaint.  This Court has personal jurisdiction because, upon information and belief, Evening Crystals sold the alleged infringing product in this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Plaintiff has asserted that venue is proper in this judicial district, CBS Radio

has not contested venue and Evening Crystal's internet sales took place in this judicial district.

## STATEMENT OF PERTINENT FACTS

7.     CBS Radio provides selected merchants with the ability to feature discounted products and services on a website operated by CBS Radio (the "CBS Radio Website").  By visiting the website, consumers can purchase certificates which they may redeem by presenting them to the merchants in order to complete a purchase of the selected products or services.  In exchange for being featured on the CBS Radio Website, the merchants pay CBS Radio a portion of the revenues earned from the sale of the product or services certificates.

8.     On August 5, 2014, Evening Crystals signed an agreement with CBS Radio titled the CBS Local Offers Merchant Agreement (the "Agreement"), pursuant to which the parties agreed that the CBS Radio Website would include an offer for a piece of jewelry purportedly created or licensed by Evening Crystals and then manufactured and sold by Evening Crystals (the "Offer").

9.     As part of the Agreement, Evening Crystals represented that it owned all right, title, and interest in its trademarks and logos and, moreover owned or obtained the rights to use all other intellectual property provided to CBS Radio in connection with the Agreement.  Evening Crystals also agreed to defend, hold harmless and indemnify CBS Radio for "all claims, damages, losses, fines, penalties, costs and expenses in any manner arising out of, relating to or based on: (a) any actual or alleged breach of this Agreement by [Evening Crystals]; [or] (b) the Offer or Merchant Product."

10.     Pursuant to the Agreement, CBS Radio proceeded with the Offer, using the product information, the product descriptions and the product images that Evening Crystals provided to CBS Radio.  Following the Offer and various sales of product bearing the jewelry design at issue, Plaintiff brought the above action for

13

copyright infringement and contributory and/or vicarious copyright infringement against several defendants, including CBS Radio.  Plaintiff claims that Evening Crystals' jewelry design featured in the Offer infringed Plaintiff's original jewelry design which it allegedly created on its own and for which it had secured copyright protection.

## FIRST CLAIM FOR RELIEF

(For Express Indemnity Against Evening Crystals and Roes 1 - 10)

11.     CBS Radio incorporates and realleges paragraphs 1 through 10 above as if fully set forth herein.

12.     Pursuant to the Agreement, Evening Crystals agreed to defend, hold harmless and indemnify CBS Radio for any claims, damages, fines, penalties, costs, and expenses in any manner arising out of, relating to, or based on the Offer.  As a result of the Offer, Plaintiff brought suit against CBS Radio alleging that the jewelry design in the Offer infringed Plaintiff's alleged intellectual property rights. Accordingly, if Plaintiff should recover a Judgment against CBS Radio, Evening Crystals is obligated to defend, hold harmless and indemnify CBS Radio.  If a Judgment is entered against CBS Radio for copyright infringement, Evening Crystals would be obligated to pay CBS Radio for any amounts CBS Radio had to pay in connection with the defense of this action (including amounts paid for settlement) and in connection with any such Judgment.  Even if a Judgment is not ultimately entered against CBS Radio, Evening Crystals is obligated to reimburse CBS for any and all of its attorney's fees and costs incurred in the defense of the action.

13.     Evening Crystals also agreed to defend, hold harmless and indemnify CBS Radio for any claims, damages, fines, penalties, costs, and expenses in any manner arising out of, relating to, or based on any "actual or alleged breach of this Agreement."  As part of the Agreement, Evening Crystals represented that it owned all intellectual property required for the Offer.  If Plaintiff succeeds on its claims

against CBS Radio, then Evening Crystals breached the Agreement because its representations were not accurate and it did not own all intellectual property required in connection with the Offer, and thus CBS Radio would be entitled to full defense, hold harmless and indemnification for any costs related to the defense of the action, any settlement of the action or any ultimate Judgment Plaintiff may be awarded against CBS Radio.

## SECOND CLAIM FOR RELIEF

(For Implied Indemnity Against Evening Crystals and Roes 1 - 10)

14.     CBS Radio incorporates and realleges paragraphs 1 through 10 above as if fully set forth herein.

15.     By providing information, descriptions and images concerning the jewelry design at issue, so that certificates could be sold and redeemed, Evening Crystals impliedly represented that it had the legal right to sell such product, and that such product was not infringing the rights of any third party, and therefore Evening Crystals impliedly agreed to defend, hold harmless and indemnify CBS Radio for any claims, damages, fines, penalties, costs, and expenses arising in any manner out of, relating to, or based on the Offer.  As a result of the Offer, Plaintiff brought suit against CBS Radio alleging that the jewelry in the Offer infringed Plaintiff's purported intellectual property rights.

16.     CBS Radio has incurred legal expenses and may incur additional fees, expenses, and costs, including but not limited to damages, potential settlement sums, attorney's fees, and court costs as a result of Plaintiff's suit against CBS Radio.

17.     CBS Radio is in no way legally responsible for the events giving rise to Plaintiff's complaint.

18.     Because CBS Radio has already had to incur attorney's fees and costs, and may suffer further such harm moving forward, and if Plaintiff should recover Judgment against CBS Radio, such attorney's fees, costs and liability will be the sole

15

1  result of Evening Crystal's wrongful conduct with respect to the jewelry designs at

2  issue.

3      19.    CBS Radio is thus entitled to complete defense, hold harmless and

4  indemnification in connection with Plaintiff's claims against CBS Radio and in

5  connection with any Judgment which Plaintiff may recover against CBS Radio.

6

7                          **THIRD CLAIM FOR RELIEF**

8          (For Equitable Indemnity Against Evening Crystals and Roes 1 - 10)

9      20.    CBS Radio incorporates and realleges paragraphs 1 through 19 as if

10  fully set forth herein.

11     21.    CBS Radio has incurred legal expenses and may incur additional fees,

12  expenses, and costs, including but not limited to damages, potential settlement sums,

13  attorney's fees, and court costs as a result of Plaintiff's suit against CBS Radio.

14     22.    CBS Radio is in no way legally responsible for the events giving rise to

15  Plaintiff's complaint.

16     23.    Because CBS Radio has already had to incur attorney's fees and costs,

17  and may suffer further such harm moving forward, and if Plaintiff should recover

18  judgment against CBS Radio, such attorney's fees, costs and liability will be the sole

19  result of Evening Crystals' wrongful conduct with respect to the jewelry designs at

20  issue.

21     24.    CBS Radio is thus entitled to complete equitable indemnity from and

22  against Evening Crystals for any and all attorney's fees, defense costs, settlement

23  sums, damages or other amounts that CBS Radio is required to pay Plaintiff in

24  connection with this action and Plaintiff's claims concerning the jewelry design at

25  issue.

26

27

28

16

## FOURTH CLAIM FOR RELIEF

### (For Breach of Contract Against Evening Crystals and Roes 1 - 10)

25.     CBS Radio incorporates and realleges paragraphs 1 through 10 as if fully set forth here.

26.     CBS Radio and Evening Crystals entered into the Agreement, pursuant to which Evening Crystals represented that it owned all intellectual property rights required in connection with the Offer and to exploit the jewelry designs at issue.

27.     To the extent that Evening Crystals did not own all intellectual property rights required in connection with the Offer and to exploit sale of the jewelry designs at issue, Evening Crystals breached the Agreement.

28.     At all pertinent times, CBS Radio performed all of its obligations under the Agreement, except for any obligations that CBS Radio was excused or prevented from performing by Evening Crystals' own breach.

29.     As a direct and proximate result of Evening Crystal's breach of the Agreement, CBS Radio has incurred legal expenses and may incur additional fees, expenses, or costs, including but not limited to damages, settlement sums, attorney's fees, and court costs.

## FIFTH CLAIM FOR RELIEF

### (For Declaratory Relief Against Evening Crystals and Roes 1 - 10)

30.     CBS Radio incorporates and realleges paragraphs 1 through 29 as if fully set forth here.

31.     CBS Radio contends that, based on the Agreement, or based on obligations that arise as a matter of fact or as a matter of law, Evening Crystals is obligated to defend, hold harmless and indemnify CBS Radio in connection with the claims asserted in this lawsuit relating to the jewelry designs at issue.  Evening Crystals has failed to acknowledge and fulfill its duty to defend and, based on this failure, CBS Radio contends that Evening Crystals denies its obligation to defend,

hold harmless and indemnify CBS Radio.  Thus, there is an ongoing, actual, and justiciable controversy, which is ripe for adjudication, currently existing between the parties.

32.    Declaratory relief will adjudicate this controversy between the parties. CBS Radio thus seeks a judicial determination of the respective rights and duties of the parties with respect to the Agreement and the indemnity provisions therein and which arise as a matter of fact or as a matter of law.  Specifically, CBS Radio requests a declaration that Evening Crystals must defend, hold harmless and indemnify CBS Radio for any damages, settlement sums, liability, costs, and expenses (including reasonable attorney's fees) which CBS Radio suffers as a result of Plaintiff's complaint.

33.    Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties with respect to the claims asserted in this case, and to avoid the multiplicity of actions that would result if CBS Radio were required now to defend against Plaintiff's claims and then bring a separate action against Evening Crystals to enforce its obligations to defend, hold harmless and indemnity CBS Radio.

**PRAYER FOR RELIEF**

WHEREFORE, CBS Radio prays for relief on CBS Radio's cross-claims as follows:

1.    for damages according to proof at the time of trial in the amount of the harm suffered by Evening Crystals' failure to defend, hold harmless and indemnify CBS Radio;

2.    for a declaration that Evening Crystals is under a duty to defend, hold harmless and indemnify CBS Radio for the full amount of a Judgment entered against CBS Radio, if any, along with CBS Radio's costs of suit and attorney's fees;

3.    for attorney's fees pursuant to law or contract;

18

1    4.    for costs incurred herein; and

2    5.    for such other relief as the Court deems just and proper.

3

4    DATED: January 2, 2015                DAVIS WRIGHT TREMAINE LLP
                                           BRUCE ISAACS
5                                          NICOLAS A. JAMPOL

6

7                                          By:/s/Bruce Isaacs _____

8                                              Bruce Isaacs
                                               Attorneys for Defendant/Cross Claimant
9                                              CBS RADIO, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CBS Radio

3    hereby demands a trial by jury of all issues.

4

5    DATED: January 2, 2015                    DAVIS WRIGHT TREMAINE LLP
                                               BRUCE ISAACS
6                                              NICOLAS A. JAMPOL

7

8                                              By:/s/Bruce Isaacs, Esq.
9                                                  Bruce Isaacs
                                                   Attorneys for Defendant/Cross-Claimant
10                                                 CBS RADIO, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am an employee of the law firm of DAVIS WRIGHT TREMAINE LLP, and that on the date shown below, I caused service of a true and correct copy of the attached:

**CBS RADIO, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS AGAINST EVENING CRYSTALS, LLC; DEMAND FOR JURY TRIAL**

to be completed by:

_____          personally delivering

_____          delivery via Nationwide Legal Services

_____          sending via Federal Express or other overnight delivery service

_____          depositing for mailing in the U.S. mail with sufficient postage affixed thereto

___X___          delivery via email

_____          electronic filing, and thereby delivery via e-mail to:

Milord A. Keshishian, Esq.                    Davis R. Zellmer, Esq.
Milord & Associates, P.C.                      Law Offices of Davis R. Zellmer
2049 Century Park East, Suite 3850      5741 E. Gossamer Street
Los Angeles, CA  90067                        Long Beach, CA  90808
Email:  milord@milordlaw.com            Email:  davis@daviszlaw.com

Naval H. Tale., Esq.                              Ganneett Satelite Information Network, Inc.
Patel Law, PLLC                                   dba Dealchicken
1211 E. 15th Street                                 1136 Union Mall, Suite 301
Plano, TX  75074-6207                          Honolulu, HI  96813-2711
Email:  np@patelpllc.com

Plum District, Inc.
1169 Howard Street, Suite 203
San Francisco, Ca  94103

Dated:  January 2, 2015                              /s/Lina Pearmain_____