1
2
3

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

4
5
6

BRUCE ISAACS (State Bar No. 100926)
  bruceisaacs@dwt.com
NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com

7
8

Attorneys for Defendant/Cross-Claimant
GANNETT SATELLITE INFORMATION NETWORK, INC., A DELAWARE
CORPORATION DBA DEALCHICKEN

9

## UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11
12

L.A. GEM & JEWELRY DESIGN, INC.,
a California Corporation,

13

Plaintiff,

14

vs.

15
16
17
18
19

EVENING CRYSTALS, LLC, a Texas
limited liability company; GANNETT
SATELLITE INFORMATION
NETWORK, INC., a Delaware
Corporation dba DEALCHICKEN;
PLUM DISTRICT, INC., a Delaware
corporation; CBS RADIO, INC., a
Delaware Corporation; and DOES 1-10,

20

Defendants.

21

CBS RADIO, INC., a Delaware
Corporation,

22

Cross-Claimant,

23

vs.

24
25

EVENING CRYSTALS, LLC, a Texas
limited liability company; ROES 1 – 10,

26

Cross-Defendants.

27
28

Case No. CV14-08486 R (JPRx)

**DEALCHICKEN'S ANSWER,
AFFIRMATIVE DEFENSES, AND
CROSS-CLAIMS AGAINST
EVENING CRYSTALS, LLC;
DEMAND FOR JURY TRIAL**

1

GANNETT SATELLITE
INFORMATION NETWORK, INC., a
Delaware Corporation dba
DEALCHICKEN,

               Cross-Claimant,

     vs.

EVENING CRYSTALS, LLC, a Texas
limited liability company; ROES 11 – 20,

               Cross-Defendants.

## ANSWER

Defendant Gannett Satellite Information Network, Inc. ("DealChicken") responds to the complaint of L.A. Gem & Jewelry Design, Inc. ("Plaintiff") as follows:

## THE PARTIES

1.     DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis, denies them.

2.     DealChicken admits that, on information and belief, defendant Evening Crystals ("Evening Crystals") is a limited liability company organized and existing under the laws of Texas, and does business in California and this judicial district. DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

3.     DealChicken admits that Gannett Satellite Information Network, Inc. is a Delaware corporation with its principal place of business located at 7950 Jones Branch Drive, McLean, Virginia 22107, and Gannett Satellite Information Network, Inc. does business in and with the State of California and, in particular, within this District. DealChicken denies the remaining allegations of paragraph 3.

2

4.     DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis, denies them.

5.     DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and on that basis, denies them.

6.     To the extent that the allegations in paragraph 6 are legal argument or allegations or conclusions of law, they require no answer.  To the extent that an answer may be required, DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies them.

7.     To the extent that the allegations in paragraph 7 are legal argument or allegations or conclusions of law, they require no answer.  To the extent that an answer may be required, DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies them.

8.     To the extent that the allegations in paragraph 8 are legal argument or allegations or conclusions of law, they require no answer.  To the extent that an answer may be required, DealChicken denies the allegations in this paragraph.

## JURISDICTION

9.     DealChicken admits that this action purports to arise under the Copyright Act of 1976 and thus the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     DealChicken does not admit that venue is proper in this judicial district, but DealChicken is not contesting venue and, in fact, asserts that its cross-claims likewise arise in this judicial district as set forth below.  DealChicken admits that its website is accessible by users in this judicial district and that it conducts business in this judicial district.  DealChicken denies the remaining allegations that relate to

3

DealChicken.  Except as otherwise admitted or denied, DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies them.

## FACTS COMMON TO ALL COUNTS

11.     DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis, denies them.

12.     DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis, denies them.

13.     DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis, denies them.

14.     DealChicken admits that Plaintiff has attached what purports to be a Certificate of Registration from the Register of Copyrights as Exhibit A to the complaint.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis, denies them.

15.     DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis, denies them.

16.     DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis, denies them.

4

# DEFENDANTS' MISCONDUCT[1]

17.     DealChicken admits that, on information and belief, Evening Crystals sells jewelry that is available for purchase in this judicial district.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and on that basis, denies them.

18.     DealChicken admits that it offers deals on goods and services that are available for purchase, including in this judicial district.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph relating to the other defendants, and on that basis, denies them. DealChicken denies the remaining allegations in this paragraph.

19.     DealChicken is without knowledge or information to form a belief as to the truth of the allegation that Plaintiff has not authorized one or more of the Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute any jewelry products.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

20.     DealChicken denies the allegations in paragraph 20 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

21.     DealChicken denies the allegations in paragraph 21 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a

---

[1] The section headings are included only for purposes of clarity and organization, and DealChicken does not admit, but rather specifically denies, any factual or legal allegations used in the headings.

belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

## **First Cause of Action**

22.     DealChicken incorporates and realleges its responses set forth in paragraphs 1 through 21 as if fully set forth here.

23.     DealChicken denies the allegations in paragraph 23 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

24.     DealChicken denies the allegations in paragraph 24 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

25.     DealChicken denies the allegations in paragraph 25 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

26.     DealChicken denies the allegations in paragraph 26 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

27.    DealChicken denies the allegations in paragraph 27 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

## Second Cause of Action

28.    DealChicken incorporates and realleges its responses set forth in paragraphs 1 through 27 as if fully set forth here.

29.    DealChicken denies the allegations in paragraph 29 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

30.    DealChicken denies the allegations in paragraph 30 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

31.    DealChicken denies the allegations in paragraph 31 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

32.    DealChicken denies the allegations in paragraph 32 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

33.  DealChicken denies the allegations in paragraph 33 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

34.  DealChicken denies the allegations in paragraph 34 to the extent that they relate to DealChicken or to parties who provided alleged infringing product to consumers.  DealChicken is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, denies them.

## **AFFIRMATIVE DEFENSES**

DealChicken asserts the following affirmative defenses in response to the allegations of the complaint.  DealChicken reserves the right to amend this answer with additional affirmative defenses as further information is obtained.  By alleging these affirmative defenses, DealChicken is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

## **FIRST AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint fails to set forth sufficient facts in order to state a claim against DealChicken or parties who provided alleged infringing product to consumers.

## SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint is barred by virtue of the fact that the jewelry design at issue consists of commonly known ideas or scenes a faire.

## THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint is barred by virtue of the fact that the jewelry design at issue is not sufficiently original to warrant copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint is barred by virtue of the fact that the jewelry design at issue does not consist of sufficient protectable expression to warrant copyright protection.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint is barred by virtue of the fact that the jewelry design at issue does not warrant copyright protection because it constitutes a useful article.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint is barred by virtue of the fact that Plaintiff did not actually create or "author" the jewelry design at issue to warrant copyright protection.

9

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint is barred by virtue of the doctrine of independent creation.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint is barred by virtue of the fact that the jewelry design at issue is based upon prior art.

## NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that jewelry design at issue is in the public domain.

## TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the Plaintiff's jewelry design and the alleged infringing jewelry design derive from a prior common source.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the complaint is barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that Plaintiff's claims are barred by the doctrine of estoppel.

10

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that Plaintiff's claims are barred by virtue of the doctrine of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that to grant relief to Plaintiff as it requests would unjustly enrich Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges the Plaintiff's claims are barred by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges the Plaintiff's claims are barred by virtue of the Plaintiff's own improper or inequitable conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that Plaintiff's claims are barred by virtue of Plaintiff's unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the purported property rights in and to the jewelry design at

11

issue, are owned, controlled or created by parties other than Plaintiff and, as such, Plaintiff has no standing to sue.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the first and second claims for relief, DealChicken alleges that the publisher of advertising which depicts an alleged infringing product cannot be liable for copyright infringement or contributory or vicarious copyright infringement as a matter of law.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the second claim for relief, DealChicken alleges that it did not have the requisite knowledge of any purported infringement and therefore it cannot be liable for contributory infringement.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the second claim for relief, DealChicken alleges that it did not materially contribute to any purported infringement and therefore it cannot be liable for contributory infringement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the second claim for relief, DealChicken alleges that it did not induce any purported infringement and therefore it cannot be liable for contributory infringement.

12

## TWENTY-THIRD  AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the second claim for relief, DealChicken alleges that Plaintiff's contributory infringement claim is barred by virtue of the fact that there was no direct copyright infringement by any party.

## PRAYER FOR RELIEF

WHEREFORE, DealChicken prays for relief as follows:

1.      that Plaintiff take nothing by virtue of its complaint;

2.      for attorney's fees pursuant to Section 505 of the Copyright Act;

3.      for costs of suit incurred herein;

4.      for such other and further relief as this Court deems just and proper; and

5.      to the extent necessary, the relief prayed for in DealChicken's Cross-Claim submitted herewith.


DATED: January 9, 2015                    DAVIS WRIGHT TREMAINE LLP
                                          BRUCE ISAACS
                                          NICOLAS A. JAMPOL


                                          By:/s/Bruce Isaacs_____
                                              Bruce Isaacs, Attorneys for
                                              Defendant/Cross-Claimant
                                              GANNETT SATELLITE
                                              INFORMATION NETWORK, INC., A
                                              DELAWARE CORPORATION DBA
                                              DEALCHICKEN

## **CROSS-CLAIMS AGAINST EVENING CRYSTALS, LLC**

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Cross-Claimant Gannett Satellite Information Network, Inc. ("DealChicken") asserts cross-claims against Cross-Defendant Evening Crystals, LLC ("Evening Crystals") as follows.

### **NATURE OF THE ACTION**

1.      By these cross-claims, DealChicken seeks to establish that Evening Crystals has an obligation to defend, hold harmless and indemnify DealChicken with respect to the complaint for infringement pursuant to an agreement between DealChicken and Evening Crystals and seeks to establish Evening Crystals' breach of that agreement.

### **PARTIES**

2.      Gannett Satellite Information Network, Inc. is a corporation organized and existing under the laws of the state of Delaware, with a physical headquarters at 7950 Jones Branch Drive, McLean, Virginia, 22107.

3.      Upon information and belief, Evening Crystals is a limited liability company organized and existing under the laws of the state of Texas, with a physical headquarters at 9301 Spectrum Dr., Austin, TX 78717.

4.      The true names and capacities of Cross-Defendants sued herein as Roes 11 through 20, inclusive, are unknown to DealChicken at this time, who therefore sues these Roe-Cross-Defendants by such fictitious names.  DealChicken will seek leave to amend this Cross-Complaint to show the true names and capacities of such Roe Cross-Defendants when they have been ascertained.  DealChicken is informed and believes, and based upon such information and belief alleges, that each of the

Roe Cross-Defendants is in some manner responsible or liable for the acts and damages alleged in this Cross-Complaint.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a) because these cross-claims form part of the same case or controversy as the copyright infringement claims alleged in the complaint.  This Court has personal jurisdiction because, upon information and belief, Evening Crystals sold the alleged infringing product in this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Plaintiff has asserted that venue is proper in this judicial district, DealChicken has not contested venue and Evening Crystals' internet sales took place in this judicial district.

## STATEMENT OF PERTINENT FACTS

7.      DealChicken provides advertising and website services for selected merchants which enables the merchants  to feature discounted products on a website operated by DealChicken (the "DealChicken Website").  By visiting the DealChicken Website, consumers can purchase vouchers from DealChicken which they can redeem with the merchants who then ship the selected products directly to the consumers.   DealChicken has nothing to do with the creation of the products, nor does DealChicken ever sell or have possession of the products.  Rather, DealChicken only provides advertising and website services.  In exchange for the advertising and website services, DealChicken retains a portion of the revenues earned from the sale of the products on the DealChicken Website.

8.      On May 9, 2014, Evening Crystals entered into an agreement with DealChicken titled the DealChicken Advertiser Agreement (the "Agreement"),

15

pursuant to which the parties agreed that the DealChicken Website would include advertising for an offer of a piece of jewelry purportedly created or licensed by Evening Crystals and then manufactured and sold by Evening Crystals (the "Offer").

9.     As part of the Agreement, Evening Crystals represented that the descriptions, advertising and materials of the jewelry featured in the Offer that it supplied to DealChicken did not "violate or infringe the personal or proprietary rights of any person or other entity (including without limitation rights of copyright, trademark, privacy or publicity)" and thereby Evening Crystals represented to DealChicken that the jewelry products it sold were likewise non-infringing.  Evening Crystals also agreed to defend, hold harmless and indemnify DealChicken for "all claims, losses, damages, and costs (including reasonable attorneys' fees)" resulting from the Offer or the material provided to DealChicken by the merchant, "including without limitation claims that the [Offer] or material contains libelous or slanderous material, or violates applicable law or the person or proprietary rights of any person or other entity."

10.     Pursuant to the Agreement, DealChicken proceeded with the Offer, using the product information, the product descriptions and the product images that Evening Crystals provided to DealChicken.  Following the Offer and various sales of product bearing the jewelry design at issue, Plaintiff brought the above action for copyright infringement and contributory and/or vicarious copyright infringement against several defendants, including DealChicken.  Plaintiff claims that Evening Crystals' jewelry design featured in the Offer infringed Plaintiff's original jewelry design which it allegedly created on its own and for which it had secured copyright protection.

### FIRST CLAIM FOR RELIEF

(For Express Indemnity Against Evening Crystals and Roes 11 - 20)

11.　DealChicken incorporates and realleges paragraphs 1 through 10 above as if fully set forth herein.

12.　Pursuant to the Agreement, Evening Crystals agreed to defend, hold harmless and indemnify DealChicken for any claims, losses, damages, and costs (including reasonable attorneys' fees), resulting from the Offer or the advertising materials related thereto.  As a result of the Offer, Plaintiff brought suit against DealChicken alleging that the jewelry design in the Offer infringed Plaintiff's alleged intellectual property rights.  Accordingly, if Plaintiff should recover a Judgment against DealChicken, Evening Crystals is obligated to defend, hold harmless and indemnify DealChicken.  If a Judgment is entered against DealChicken for copyright infringement, Evening Crystals would be obligated to pay DealChicken for any amounts DealChicken had to pay in connection with the defense of this action (including amounts paid for settlement) and in connection with any such Judgment.  Even if a Judgment is not ultimately entered against DealChicken, Evening Crystals is obligated to reimburse DealChicken for any and all of its attorney's fees and costs incurred in the defense of the action.

13.　Evening Crystals also agreed to defend, hold harmless and indemnify DealChicken for any claims, losses, damages, and costs (including reasonable attorneys' fees), resulting from "the breach or alleged breach of any representation or warranty made by Advertiser in this Agreement."  As part of the Agreement, Evening Crystals represented that it owned all intellectual property required for the Offer and the advertising materials related thereto.  If Plaintiff succeeds on its claims against DealChicken, then Evening Crystals breached the Agreement because its representations were not accurate and it did not own all intellectual property required in connection with the Offer or the advertising materials related thereto, and thus

DealChicken would be entitled to full defense, hold harmless and indemnification for any costs related to the defense of the action, any settlement of the action or any ultimate Judgment Plaintiff may be awarded against DealChicken.

## SECOND CLAIM FOR RELIEF

(For Implied Indemnity Against Evening Crystals and Roes 11 - 20)

14.     DealChicken incorporates and realleges paragraphs 1 through 10 above as if fully set forth herein.

15.     By providing information, descriptions and images concerning the jewelry design at issue so that jewelry product could be sold, Evening Crystals impliedly represented that it had the legal right to sell such product, and that such product was not infringing the rights of any third party, and therefore Evening Crystals impliedly agreed to defend, hold harmless and indemnify DealChicken for any claims, damages, fines, penalties, costs, and expenses arising in any manner out of, relating to, or based on the Offer.  As a result of the Offer, Plaintiff brought suit against DealChicken alleging that the jewelry in the Offer infringed Plaintiff's purported intellectual property rights.

16.     DealChicken has incurred legal expenses and may incur additional fees, expenses, and costs, including but not limited to damages, potential settlement sums, attorney's fees, and court costs as a result of Plaintiff's suit against DealChicken.

17.     DealChicken is in no way legally responsible for the events giving rise to Plaintiff's complaint.

18.     Because DealChicken has already had to incur attorney's fees and costs, and may suffer further such harm moving forward, and if Plaintiff should recover Judgment against DealChicken, such attorney's fees, costs and liability will be the sole result of Evening Crystals' wrongful conduct with respect to the jewelry designs at issue.

18

19.     DealChicken is thus entitled to complete defense, hold harmless and indemnification in connection with Plaintiff's claims against DealChicken and in connection with any Judgment which Plaintiff may recover against DealChicken.

### THIRD CLAIM FOR RELIEF

(For Equitable Indemnity Against Evening Crystals and Roes 11 - 20)

20.     DealChicken incorporates and realleges paragraphs 1 through 19 as if fully set forth herein.

21.     DealChicken has incurred legal expenses and may incur additional fees, expenses, and costs, including but not limited to damages, potential settlement sums, attorney's fees, and court costs as a result of Plaintiff's suit against DealChicken.

22.     DealChicken is in no way legally responsible for the events giving rise to Plaintiff's complaint.

23.     Because DealChicken has already had to incur attorney's fees and costs, and may suffer further such harm moving forward, and if Plaintiff should recover judgment against DealChicken, such attorney's fees, costs and liability will be the sole result of Evening Crystals' wrongful conduct with respect to the jewelry designs at issue.

24.     DealChicken is thus entitled to complete equitable indemnity from and against Evening Crystals for any and all attorney's fees, defense costs, settlement sums, damages or other amounts that DealChicken is required to pay Plaintiff in connection with this action and Plaintiff's claims concerning the jewelry design at issue.

19

## FOURTH CLAIM FOR RELIEF

(For Breach of Contract Against Evening Crystals and Roes 11 - 20)

25.     DealChicken incorporates and realleges paragraphs 1 through 10 as if fully set forth here.

26.     DealChicken and Evening Crystals entered into the Agreement, pursuant to which Evening Crystals represented that it owned all intellectual property rights in the descriptions, advertising and materials of the jewelry designs related to the Offer and all intellectual property rights required in order to exploit the jewelry designs at issue.

27.     To the extent that Evening Crystals did not own all intellectual property rights required in the advertising materials related to the Offer, in the product designs featured in the Offer itself and in the jewelry designs at issue, Evening Crystals breached the Agreement.

28.     At all pertinent times, DealChicken performed all of its obligations under the Agreement, except for any obligations that DealChicken was excused or prevented from performing by Evening Crystals' own breach.

29.     As a direct and proximate result of Evening Crystals' breach of the Agreement, DealChicken has incurred legal expenses and may incur additional fees, expenses, or costs, including but not limited to damages, settlement sums, attorneys' fees, and court costs.


## FIFTH CLAIM FOR RELIEF

(For Declaratory Relief Against Evening Crystals and Roes 11 - 20)

30.     DealChicken incorporates and realleges paragraphs 1 through 29 as if fully set forth here.

31.     DealChicken contends that, based on the Agreement, or based on obligations that arise as a matter of fact or as a matter of law, Evening Crystals is

20

obligated to defend, hold harmless and indemnify DealChicken in connection with the claims asserted in this lawsuit relating to the jewelry designs at issue.  Evening Crystals has failed to acknowledge and fulfill its duty to defend and, based on this failure, DealChicken contends that Evening Crystals denies its obligation to defend, hold harmless and indemnify DealChicken.  Thus, there is an ongoing, actual, and justiciable controversy, which is ripe for adjudication, currently existing between the parties.

32.     Declaratory relief will adjudicate this controversy between the parties. DealChicken thus seeks a judicial determination of the respective rights and duties of the parties with respect to the Agreement and the indemnity provisions therein and which arise as a matter of fact or as a matter of law.  Specifically, DealChicken requests a declaration that Evening Crystals must defend, hold harmless and indemnify DealChicken for any damages, settlement sums, liability, costs, and expenses (including reasonable attorney's fees) which DealChicken suffers as a result of Plaintiff's complaint.

33.     Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties with respect to the claims asserted in this case, and to avoid the multiplicity of actions that would result if DealChicken were required now to defend against Plaintiff's claims and then bring a separate action against Evening Crystals to enforce its obligations to defend, hold harmless and indemnity DealChicken.

# PRAYER FOR RELIEF

WHEREFORE, DealChicken prays for relief on DealChicken's cross-claims as follows:

1.      for damages according to proof at the time of trial in the amount of the harm suffered by Evening Crystals' failure to defend, hold harmless and indemnify DealChicken;

2.      for a declaration that Evening Crystals is under a duty to defend, hold harmless and indemnify DealChicken for the full amount of a Judgment entered against DealChicken, if any, or a settlement of this action, along with DealChicken's costs of suit and attorney's fees;

3.      for attorney's fees pursuant to law or contract;

4.      for costs incurred herein; and

5.      for such other relief as the Court deems just and proper.


DATED: January 9, 2015                    DAVIS WRIGHT TREMAINE LLP
                                          BRUCE ISAACS
                                          NICOLAS A. JAMPOL


                                          By:/s/Bruce Isaacs
                                            Bruce Isaacs, Attorneys for
                                            Defendant/Cross-Claimant
                                          GANNETT SATELLITE
                                          INFORMATION NETWORK, INC., A
                                          DELAWARE CORPORATION DBA
                                          DEALCHICKEN

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DealChicken, a division of Gannett Satellite Information Network, Inc., hereby demands a trial by jury of all issues.


DATED: January 9, 2015

DAVIS WRIGHT TREMAINE LLP
BRUCE ISAACS
NICOLAS A. JAMPOL


By:/s/Bruce Isaacs
Bruce Isaacs, Attorneys for
Defendant/Cross-Claimant
GANNETT SATELLITE
INFORMATION NETWORK, INC., A
DELAWARE CORPORATION DBA
DEALCHICKEN

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that I am an employee of the law firm of DAVIS WRIGHT TREMAINE LLP, and that on the date shown below, I caused service of a true and correct copy of the attached:

**DEALCHICKEN'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS AGAINST EVENING CRYSTALS, LLC; DEMAND FOR JURY TRIAL**

to be completed by:

_____          personally delivering

_____          delivery via Nationwide Legal Services

_____          sending via Federal Express or other overnight delivery service

__X__          depositing for mailing in the U.S. mail with sufficient postage affixed thereto

_____          delivery via email

__X__          electronic filing, and thereby delivery via e-mail to:

Milord A. Keshishian, Esq.                   Davis R. Zellmer, Esq.
Milord & Associates, P.C.                     Law Offices of Davis R. Zellmer
2049 Century Park East, Suite 3850      3923 Farquhar Avenue
Los Angeles, CA  90067                        Los Alamitos, CA  90720
Email:  milord@milordlaw.com           Email:  davis@daviszlaw.com

Naval H. Tale., Esq.                              Plum District, Inc.
Patel Law, PLLC                                  1169 Howard Street, Suite 203
1211 E. 15th Street                               San Francisco, Ca  94103
Plano, TX  75074-6207
Email:  np@patelpllc.com


Dated:  January 9, 2015                                        /s/Lina Pearmain

1