Patel Law, PLLC
1211 E. 15th St.
Plano, TX 75074-6207
Telephone: 214-810-3120
Facsimile: 214-722-6809

NAVAL H. PATEL (TEXAS STATE BAR NO. 24083629)
E-Mail: np@patelpllc.com

Counsel for Defendant,
EVENING CRYSTALS, LLC

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., A California Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>EVENING CRYSTALS, LLC, a Texas limited liability company; GANNETT SATELLITE INFORMATION NETWORK, INC., a Delaware Corporation dba DEALCHICKEN; PLUM DISTRICT, INC., a Delaware corporation; CBS RADIO, INC., a Delaware Corporation; and DOES 1-10<br><br>*Defendants*. | Case No. CV-14-08486-R-JPR<br><br>NOTICE OF MOTION AND MOTION FOR LEAVE FOR DEFENDNANT EVENING CRYSTALS, LLC'S COUNSEL OF RECORD TO WITHDRAW AS COUNSEL |

TO:      TO ALL INTERESTED PARTIES

PLEASE TAKE NOTICE that Patel Law, PLLC and Law Offices of Davis R. Zellmer, counsel of record do move to be releived as counsel of record for Evening Crystals, LLC pursuant Local Rule 83-2.9.2.1.

## I. LEGAL STANDARD

An attorney may withdraw as counsel only with leave of the court and with reasonable notice to all other parties. Local R. 83-2.9.2.1; *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion in determining whether to grant counsel's motion for withdrawal. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). The disruptive impact that counsel's withdrawal would have on the case can also be a consideration for the court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). However, the risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment, does not justify denying a motion for withdrawal. *Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 786-87 (E.D. Va. 1994).

In deciding a motion to withdraw, courts have considered various factors, including motivations for and the effect of the withdrawal and the relevant professional rules of responsibility. *See Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (considering why withdrawal was sought, prejudice that may be caused to other litigants, administration of justice, delay that may result and related state rules of professional conduct); *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993) (in denying counsel's request to withdraw, court considered equitable factors and held that state bar professional rules apply); *cf. Byrd v. Dist. of Columbia*, 271 F. Supp. 2d 174, 178 n.6 (D.D.C. 2003) (observing that courts may seek guidance from, but cannot base their decisions solely on, rules of professional responsibility in determining whether there is good cause to grant withdrawal for counsel). Similarly, the Court considers the California State Bar Rules of Professional Conduct 3-700(C), which provide for permissive withdrawal of counsel when "continued employment is likely to result in a violation of these rules or of the State Bar Act" or when the client "knowingly and freely assents to termination of the employment." 3-700(C)(2); 3-700(C)(5).

## II. PROCEDURAL REQUIREMENTS

Local Rule 83-2.9.2.1 provides: "An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1. In addition, if withdrawal of an attorney will delay the action, the withdrawal will not be granted "[u]nless good cause is shown and the ends of justice require . . . ." L.R. 83-2.9.2.4.

Further, Local Rule 83-2.9.2.2 provides: "An attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give written notice to the corporation or unincorporated association of the consequences of its inability to appear pro se…."

### III.   DIRECTED TO WITHDRAW

Leave for withdrawal is further warranted because Evening Crystals, LLC has directed such. California Rule of Professional Conduct 3-700(C)(1)(d) permits an attorney to withdraw when continued respresentation would "render it unreasonably difficult for the member to carry out the employment effectively." Prior to such direction, Evening Crystals, LLC has stated its understanding that it would not be able to appear pro se nor without duly licensed counsel.

For the foregoing reasons and those set forth in the Declaration of Naval H. Patel and that Declaration of Davis R. Zellmer, and in accordance with the provisions of RPC 3-700(C)(1)(d) and. L.R. 83-2.9.2.1, the undersigned counsel of record for Evening Crystals, LLC respectfully request leave of court to withdraw as Evening Crystal, LLC's counsel of record in this action.

### IV.   RELIEF SOUGHT

For the foregoing reasons, the undersigned respectfully request that the Court issue an Order permitting the firms of the undersigned counsel and the undersigned counsel of record for Defendant Evening Crystals, LLC withdraw as counsel of record for Evening Crystals,

1  LLC in this action.

3                                            Respectfully submitted,

Dated:    August 10, 2015                    Patel Law, PLLC

                                             By:  /s/ Naval H. Patel
                                             Naval H. Patel

                                             *Movant*

Dated:    August 10, 2015                    Law Offices of Davis Zellmer

                                             By:  /s/ Davis R. Zellmer
                                             Davis R. Zellmer

                                             *Movant*

# CERTIFICATE OF SERVICE

I hereby certifiy that I electronically filed the foregoing by using CM/ECF system and that participants in the case who are registed CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users and will be sent a true and correct copy via electronic mail to its agent.

    Evening Crystals, LLC
    c/o Keshvi Dhingra

Dated:   August 11, 2015        By: /s/ Naval H. Patel
                                             Naval H. Patel